# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-----------------------------------------------------------------------X

KENNETH PIKOULAS,

                        Plaintiff(s),

       -against-

SMITH & WESSON BRANDS, INC., D&L SHOOTING
SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR
LODGE, INC., LONG ISLAND GUN SOURCE LLC and
NORMA PRECISION AMMUNITION INC., FORMERLY
KNOWN AS RUAG AMMOTEC USA, INC.,

                        Defendant(s).

-----------------------------------------------------------------------X

Index No.:
Date Purchased:

**E-FILED SUMMONS**

Plaintiffs designate Suffolk
County as the place of trial.

The basis of venue is:
Plaintiff's Residence

Plaintiffs reside at:
28 Red Maple Road

Ridge, NY 11961
County of Suffolk

**To the above named Defendants:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the Plaintiff's attorneys within twenty days after the service of this summons,
exclusive of the day of service, where service is made by delivery upon you personally within
the state, or, within 30 days after completion of service where service is made in any other
manner. In case of your failure to appear or answer, judgment will be taken against you by
default for the relief demanded in the complaint.

Dated: Ronkonkoma, New York
       December 13, 2022

                               SEAN KELLY
                               Gruenberg Kelly Della
                               700 Koehler Avenue
                               Ronkonkoma, New York 11779
                               631-737-4110
                               Our File No. 220401

TO:

Smith & Wesson Brands, Inc.
Registered Agent Solutions, Inc.
44 School Street, Suite 505
Boston, MA 02108

1

D&L Shooting Supplies, Inc. d/b/a D&L Hunting & Outdoor Lodge, Inc.
Maryanne Bevans, Esq.
797 Bald Hill Road
Warwick, RI 02886

Long Island Gun Source LLC
Tiger Shark Tactical LLC
2291 Route 112
P.O. Box 1029
Medford, NY 11763

Norma Precision Ammunition Inc., formerly known as RUAG Ammotec USA, Inc.
2 East Bryan Street
Savannah, GA 31401

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X
KENNETH PIKOULAS,

                      Plaintiff(s),                   Index No.:

        -against-                        **E-FILED VERIFIED**
                                               **COMPLAINT**

SMITH & WESSON BRANDS, INC., D&L SHOOTING
SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR
LODGE, INC., LONG ISLAND GUN SOURCE LLC and
NORMA PRECISION AMMUNITION INC., FORMERLY
KNOWN AS RUAG AMMOTEC USA, INC.,

                      Defendant(s).
-----------------------------------------------------------------------X

        Plaintiff, by his attorneys, GRUENBERG KELLY DELLA, complaining of the

Defendants, respectfully allege, upon information and belief:

AS AND FOR A FIRST CAUSE OF ACTION<br>
ON BEHALF OF KENNETH PIKOULAS

1.     That at all times herein mentioned, plaintiff was, and still is, a resident of the County of

       Suffolk, State of New York.

2.     That the cause of action alleged herein arose in the State of New York, County of Suffolk.

3.     That this action falls within one or more of the exemptions set forth in CPLR §1602.

4.     That at all times hereinafter mentioned and upon information and belief, defendant, SMITH

       & WESSON BRANDS, INC., was and still is a domestic corporation organized and

       existing under and by virtue of the Laws of the State of New York.

5.     That at all times hereinafter mentioned and upon information and belief, defendant, D&L

       SHOOTING SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR LODGE, INC.,

       was and still is a domestic corporation organized and existing under and by virtue of the

       Laws of the State of New York.

6.     That at all times hereinafter mentioned and upon information and belief, defendant, LONG ISLAND GUN SOURCE LLC, was and still is a domestic limited liability company organized and existing under and by virtue of the Laws of the State of New York.

7.     That at all times hereinafter mentioned and upon information and belief, defendant, NORMA AMMUNITION INC., FORMERLY KNOWN AS RUAG AMMOTEC USA, INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

8.     That at all times hereinafter mentioned and upon information and belief, defendant, SMITH & WESSON BRANDS, INC., was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

9.     That at all times hereinafter mentioned and upon information and belief, defendant, D&L SHOOTING SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR LODGE, INC., was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

10.    That at all times hereinafter mentioned and upon information and belief, defendant, LONG ISLAND GUN SOURCE LLC, was and still is a foreign limited liability company authorized to do business under and by virtue of the Laws of the State of New York.

11.    That at all times hereinafter mentioned and upon information and belief, defendant, NORMA AMMUNITION INC., FORMERLY KNOWN AS RUAG AMMOTEC USA, INC., was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

12.    That at all times hereinafter mentioned and upon information and belief, defendant, SMITH & WESSON BRANDS, INC., was and still is a business authorized to conduct business under and by virtue of the Laws of the State of New York.

13. That at all times hereinafter mentioned and upon information and belief, defendant, D&L SHOOTING SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR LODGE, INC., was and still is a business authorized to conduct business under and by virtue of the Laws of the State of New York.

14. That at all times hereinafter mentioned and upon information and belief, defendant, LONG ISLAND GUN SOURCE LLC, was and still is a business authorized to conduct business under and by virtue of the Laws of the State of New York.

15. That at all times hereinafter mentioned and upon information and belief, defendant, NORMA AMMUNITION INC., FORMERLY KNOWN AS RUAG AMMOTEC USA, INC., was and still is a business authorized to conduct business under and by virtue of the Laws of the State of New York.

16. That at all times hereinafter mentioned, defendant, SMITH & WESSON BRANDS, INC., committed a tortious act within the State of New York.

17. That at all times hereinafter mentioned, defendant, D&L SHOOTING SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR LODGE, INC., committed a tortious act within the State of New York.

18. That at all times hereinafter mentioned, defendant, LONG ISLAND GUN SOURCE LLC, committed a tortious act within the State of New York.

19. That at all times hereinafter mentioned, defendant, NORMA AMMUNITION INC., FORMERLY KNOWN AS RUAG AMMOTEC USA, INC., committed a tortious act within the State of New York.

20. That defendant, SMITH & WESSON BRANDS, INC., regularly does, or solicits, business in the State of New York.

21.    That defendant, D&L SHOOTING SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR LODGE, INC., regularly does, or solicits, business in the State of New York.

22.    That defendant, LONG ISLAND GUN SOURCE LLC, regularly does, or solicits, business in the State of New York.

23.    That defendant, NORMA AMMUNITION INC., FORMERLY KNOWN AS RUAG AMMOTEC USA, INC., regularly does, or solicits, business in the State of New York.

24.    That defendant, SMITH & WESSON BRANDS, INC., received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

25.    That defendant, D&L SHOOTING SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR LODGE, INC., received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

26.    That defendant, LONG ISLAND GUN SOURCE LLC, received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

27.    That defendant, NORMA AMMUNITION INC., FORMERLY KNOWN AS RUAG AMMOTEC USA, INC., received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

28.    That at all times herein mentioned, defendant, SMITH & WESSON BRANDS, INC., was in the business of selling, manufacturing and/or distributing, among other things, guns and/or ammunition for the purpose of sale and use to the general public.

29.    That at all times herein mentioned, defendant, D&L SHOOTING SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR LODGE, INC., was in the business of selling, manufacturing and/or distributing, among other things, guns and/or ammunition for the purpose of sale and use to the general public.

6

30. That at all times herein mentioned, defendant, LONG ISLAND GUN SOURCE LLC, was in the business of selling, manufacturing and/or distributing, among other things, guns and/or ammunition for the purpose of sale and use to the general public.

31. That at all times herein mentioned, defendant, NORMA AMMUNITION INC., FORMERLY KNOWN AS RUAG AMMOTEC USA, INC., was in the business of selling, manufacturing and/or distributing, among other things, guns and/or ammunition for the purpose of sale and use to the general public.

32. That at all times herein mentioned, defendant, SMITH & WESSON BRANDS, INC., was in the business of selling, manufacturing and/or distributing, among other things, guns and/or ammunition for the purpose of sale and use to businesses.

33. That at all times herein mentioned, defendant, D&L SHOOTING SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR LODGE, INC., was in the business of selling, manufacturing and/or distributing, among other things, guns and/or ammunition for the purpose of sale and use to businesses.

34. That at all times herein mentioned, defendant, LONG ISLAND GUN SOURCE LLC, was in the business of selling, manufacturing and/or distributing, among other things, guns and/or ammunition for the purpose of sale and use to businesses.

35. That at all times herein mentioned, defendant, NORMA AMMUNITION INC., FORMERLY KNOWN AS RUAG AMMOTEC USA, INC., was in the business of selling, manufacturing and/or distributing, among other things, guns and/or ammunition for the purpose of sale and use to businesses.

36. That defendant, SMITH & WESSON BRANDS, INC., manufactured, produced, distributed and/or sold a certain product called "S&W 357 Magnum, Model 586."

37.    That defendant, D&L SHOOTING SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR LODGE, INC., manufactured, produced, distributed and/or sold a certain product called "S&W 357 Magnum, Model 586."

38.    That defendant, LONG ISLAND GUN SOURCE LLC manufactured, produced, distributed and/or sold a certain product called "S&W 357 Magnum, Model 586."

39.    That defendant, NORMA AMMUNITION INC., FORMERLY KNOWN AS RUAG AMMOTEC USA, INC., manufactured, produced, distributed and/or sold ammunition for a certain product called "S&W 357 Magnum, Model 586."

40.    That at all times herein mentioned, SMITH & WESSON BRANDS, INC., was a retail seller of a certain product called "S&W 357 Magnum, Model 586."

41.    That at all times herein mentioned, D&L SHOOTING SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR LODGE, INC., was a retail seller of a certain product called "S&W 357 Magnum, Model 586" and/or ammunition.

42.    That at all times herein mentioned, LONG ISLAND GUN SOURCE LLC, was a retail seller of a certain product called "S&W 357 Magnum, Model 586" and/or ammunition.

43.    That at all times herein mentioned, NORMA AMMUNITION INC., FORMERLY KNOWN AS RUAG AMMOTEC USA, INC. was a retail seller of ammunition for a certain product called "S&W 357 Magnum, Model 586."

44.    That at all times herein mentioned, and prior to December 28, 2019, defendant, SMITH & WESSON BRANDS, INC., manufactured, sold, retailed, distributed and/or delivered the above mentioned product.

45.    That at all times herein mentioned, and prior to December 28, 2019, defendant, D&L

SHOOTING SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR LODGE, INC.,

manufactured, sold, retailed, distributed and/or delivered the above mentioned product and

ammunition.

46.    That at all times herein mentioned, and prior to December 28, 2019, defendant, LONG

ISLAND GUN SOURCE LLC, manufactured, sold, retailed, distributed and/or delivered

the above mentioned product and ammunition.

47.    That at all times herein mentioned, and prior to December 28, 2019, defendant, NORMA

AMMUNITION INC., FORMERLY KNOWN AS RUAG AMMOTEC USA, INC.,

manufactured, sold, retailed, distributed and/or delivered the ammunition for the above

mentioned product.

48.    That prior to December 28, 2019, the plaintiff, KENNETH PIKOULAS, purchased said

product from the defendant, SMITH & WESSON BRANDS, INC.

49.    That prior to December 28, 2019, the plaintiff, KENNETH PIKOULAS, purchased said

product and/or ammunition from the defendant, D&L SHOOTING SUPPLIES, INC.

D/B/A D&L HUNTING & OUTDOOR LODGE, INC.

50.    That prior to December 28, 2019, the plaintiff, KENNETH PIKOULAS, purchased said

product and/or ammunition from the defendant, LONG ISLAND GUN SOURCE LLC.

51.    That prior to December 28, 2019, the plaintiff, KENNETH PIKOULAS, purchased the

ammunition for said product from the defendant, NORMA AMMUNITION INC.,

FORMERLY KNOWN AS RUAG AMMOTEC USA, INC.

52.    That prior to December 28, 2019, the plaintiff, KENNETH PIKOULAS, purchased said

product from an authorized agent and/or retailer of the defendant, SMITH & WESSON

BRANDS, INC.

9

53. That prior to December 28, 2019, the plaintiff, KENNETH PIKOULAS, purchased said product and/or ammunition from an authorized agent and/or retailer of the defendant, D&L SHOOTING SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR LODGE, INC.

54. That prior to December 28, 2019, the plaintiff, KENNETH PIKOULAS, purchased said product and/or ammunition from an authorized agent and/or retailer of the defendant, LONG ISLAND GUN SOURCE LLC.

55. That prior to December 28, 2019, the plaintiff, KENNETH PIKOULAS, purchased said product and/or ammunition from an authorized agent and/or retailer of the defendant, NORMA AMMUNITION INC., FORMERLY KNOWN AS RUAG AMMOTEC USA, INC.

56. That defendant, SMITH & WESSON BRANDS, INC., warranted said product was fit for the purpose for which it was intended.

57. That defendant, D&L SHOOTING SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR LODGE, INC., warranted said product and/or ammunition was fit for the purpose for which it was intended.

58. That defendant, LONG ISLAND GUN SOURCE LLC, warranted said product and/or ammunition was fit for the purpose for which it was intended.

59. That defendant, NORMA AMMUNITION INC., FORMERLY KNOWN AS RUAG AMMOTEC USA, INC., warranted said product and/or ammunition was fit for the purpose for which it was intended.

60. That defendant, SMITH & WESSON BRANDS, INC., warranted said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

61.  That defendant, D&L SHOOTING SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR LODGE, INC., warranted said product and/or ammunition was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

62.  That defendant, LONG ISLAND GUN SOURCE LLC, warranted said product and/or ammunition was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

63.  That defendant, NORMA AMMUNITION INC., FORMERLY KNOWN AS RUAG AMMOTEC USA, INC., warranted said product and/or ammunition was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

64.  That the defendant, SMITH & WESSON BRANDS, INC., impliedly warranted that the said product was of merchantable quality and was safe for use.

65.  That the defendant, D&L SHOOTING SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR LODGE, INC., impliedly warranted that the said product and/or ammunition was of merchantable quality and was safe for use.

66.  That the defendant, LONG ISLAND GUN SOURCE LLC, impliedly warranted that the said product and/or ammunition was of merchantable quality and was safe for use.

67.  That the defendant, NORMA AMMUNITION INC., FORMERLY KNOWN AS RUAG AMMOTEC USA, INC., impliedly warranted that the said product and/or ammunition was of merchantable quality and was safe for use.

68.  That the defendant, SMITH & WESSON BRANDS, INC., warranted and labeled its product and provided certain written instructions on said label in connection with the use of the product.

69. That the defendant, D&L SHOOTING SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR LODGE, INC., warranted and labeled its product and/or ammunition and provided certain written instructions on said label in connection with the use of the product.

70. That the defendant, LONG ISLAND GUN SOURCE LLC, warranted and labeled its product and/or ammunition and provided certain written instructions on said label in connection with the use of the product.

71. That the defendant, NORMA AMMUNITION INC., FORMERLY KNOWN AS RUAG AMMOTEC USA, INC., warranted and labeled its product and/or ammunition and provided certain written instructions on said label in connection with the use of the product.

72. That on December 28, 2019, relying upon said warranties and/or written instructions, plaintiff, KENNETH PIKOULAS, proceeded to use the said product and ammunition in accordance with its intended use.

73. That on December 28, 2019, plaintiff, KENNETH PIKOULAS, while using the product and ammunition in accordance with their intended use and pursuant to the written instructions set forth on the aforesaid label, was caused to suffer and sustain severe bodily injuries.

74. That the aforesaid accident was caused solely and wholly by reason that defendant, SMITH & WESSON BRANDS, INC., breached its warranties of merchantability and fitness for intended use of the said product which warranties were both expressed and implied.

75. That the aforesaid accident was caused solely and wholly by reason that defendant, WAL-D&L SHOOTING SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR LODGE, INC., breached its warranties of merchantability and fitness for intended use of the said product and/or ammunition which warranties were both expressed and implied.

12

76.     That the aforesaid accident was caused solely and wholly by reason that defendant, LONG

ISLAND GUN SOURCE LLC, breached its warranties of merchantability and fitness for

intended use of the said product and/or ammunition which warranties were both expressed

and implied.

77.     That the aforesaid accident was caused solely and wholly by reason that defendant, WAL-

NORMA AMMUNITION INC., FORMERLY KNOWN AS RUAG AMMOTEC USA,

INC., breached its warranties of merchantability and fitness for intended use of the said

product and/or ammunition which warranties were both expressed and implied.

78.     That by reason of the foregoing, plaintiff, KENNETH PIKOULAS, was caused to sustain

serious injuries and to have suffered pain, shock, mental anguish; that these injuries and

their effects will be permanent; as a result of said injuries plaintiff was caused and will

continue to be caused to incur expenses for medical care and attention; and plaintiff was

and will continue to be rendered unable to perform plaintiff's normal activities and duties

and has sustained a resultant loss therefrom.

79.     That this action falls within one or more exceptions set forth in §1602 CPLR.

80.     That as a result of the foregoing, plaintiff, KENNETH PIKOULAS, has been damaged in

an amount that exceeds the jurisdictional limits of all lower courts that might otherwise

have jurisdiction.


### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF KENNETH PIKOULAS

81.     Plaintiff, KENNETH PIKOULAS, repeats, reiterates and realleges each and every

allegation contained in the First Cause of Action with the same force and effect as though

same more fully set forth at length herein.

13

82. That said product and/or ammunition were defective and that said defects were a substantial factor in causing the injury to the plaintiff, KENNETH PIKOULAS.

83. That on December 28, 2019, plaintiff, KENNETH PIKOULAS, used the product and/or ammunition for the purpose and uses normally intended.

84. That on December 28, 2019, plaintiff, KENNETH PIKOULAS, was using said product and/or ammunition, said product and/or ammunition malfunctioned causing plaintiff to suffer severe bodily injuries.

85. That by reason of the foregoing, the defendant, SMITH & WESSON BRANDS, INC., their agents, servants, employees and/or licensees are liable to plaintiffs in strict liability and tort, and/or strict product liability.

86. That by reason of the foregoing, the defendant, D&L SHOOTING SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR LODGE, INC., their agents, servants, employees and/or licensees are liable to plaintiffs in strict liability and tort, and/or strict product liability.

87. That by reason of the foregoing, the defendant, LONG ISLAND GUN SOURCE LLC, their agents, servants, employees and/or licensees are liable to plaintiffs in strict liability and tort, and/or strict product liability.

88. That by reason of the foregoing, the defendant, NORMA AMMUNITION INC., FORMERLY KNOWN AS RUAG AMMOTEC USA, INC. their agents, servants, employees and/or licensees are liable to plaintiffs in strict liability and tort, and/or strict product liability.

89. That by reason of the foregoing, plaintiff, KENNETH PIKOULAS, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

AS AND FOR A THIRD CAUSE OF ACTION ON
BEHALF OF KENNETH PIKOULAS

90.    Plaintiff, KENNETH PIKOULAS, repeats, reiterates and realleges each and every allegation contained in the First and Second causes of action herein, together with the same force and effect as though same more fully set forth at length herein.

91.    That plaintiff, KENNETH PIKOULAS, was caused to sustain those bodily injuries through no fault or carelessness of her own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the defendant, SMITH & WESSON BRANDS, INC., their agents, servants, employees and/or licensees in improperly and negligently manufacturing and producing said product for use by the general public; and in otherwise being careless and negligent.

92.    That plaintiff, KENNETH PIKOULAS, was caused to sustain those bodily injuries through no fault or carelessness of her own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the defendant, D&L SHOOTING SUPPLIES, INC. D/B/A D&L HUNTING & OUTDOOR LODGE, INC., their agents, servants, employees and/or licensees in improperly and negligently manufacturing and producing said product and/or ammunition for use by the general public; and in otherwise being careless and negligent.

93.    That plaintiff, KENNETH PIKOULAS, was caused to sustain those bodily injuries through no fault or carelessness of her own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the defendant, LONG ISLAND GUN SOURCE LLC, their agents, servants, employees and/or licensees in improperly and negligently manufacturing and producing said product and/or ammunition for use by the general public; and in otherwise being careless and negligent.

15

94. That plaintiff, KENNETH PIKOULAS, was caused to sustain those bodily injuries through no fault or carelessness of her own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the defendant, NORMA AMMUNITION INC., FORMERLY KNOWN AS RUAG AMMOTEC USA, INC., their agents, servants, employees and/or licensees in improperly and negligently manufacturing and producing said product and/or ammunition for use by the general public; and in otherwise being careless and negligent.

95. That by reason of the foregoing, plaintiff, KENNETH PIKOULAS, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against the Defendants on the First Cause of Action; on the Second Cause of Action; and the Third Cause of Action in amounts that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Ronkonkoma, New York
December 13, 2022

Yours, etc.

SEAN KELLY
Gruenberg Kelly Della
700 Koehler Avenue
Ronkonkoma, New York 11779
631-737-4110
Our File No. 220401

16

INDIVIDUAL VERIFICATION

STATE OF NEW YORK
COUNTY OF SUFFOLK                    SS.:

_Kenneth Pikoulas_____ being duly sworn deposes and says:

I am the plaintiff(s) herein;  I have read the annexed

_____Summons and Complaint_____

and know the contents thereof and the same are true to my knowledge, except for those matters

therein which are stated to be alleged on information and belief, and as to those matters, I believe

them to be true.

x _____

Sworn to before me this
_13_ day of _December_, 2022___

_____
            Notary Public

DEIRDRE CICCIARO
Notary Public, State of New York
No. 02CI6339341
Qualified in Suffolk County
Commission Expires March 28, 20__